Leonel Olivares SALGADO; Maria Leticia Marino Portillo; Hetwi Olivares Marino; Alma Leticia Olivares Marino, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73630.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Filed June 28, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

568

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, San Francisco, CA, District Director, Phoenix, AZ, Kyle D. Latimer, Julia K. Doig, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** District Judge.

## MEMORANDUM ***

Leonel Olivares Salgado and his family,[1] natives and citizens of Mexico, petition for review of the decision of the Bureau of Immigration Appeals (BIA) denying their application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture (CAT), 23 I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. § 208.16). "Where ... the BIA has reviewed the [Immigration Judge's (IJ's)] decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

Petitioners entered the United States before April 1, 1997. Thus, the one-year period of 8 U.S.C. § 1158(a)(2)(B) within which to file for asylum runs from April 1, 1997. *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Petitioners' application was not filed until January 2002. Accordingly, we lack jurisdiction to review the denial of asylum eligibility. *See id.*

For withholding (or "restriction") of removal under 8 U.S.C. § 1231(b)(3)(A), we apply a more stringent standard than for asylum. *See, e.g., Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003) (reit-

1. Salgado is the primary petitioner; the petitions of his wife (Maria Leticia Marino Portillo), and children (Hetwi Olivares Marino and Alma Leticia Olivares Marino) are derivative of Salgado's petition.

erating that withholding of removal requires a "clear probability" of persecution and is "more stringent" than the asylum standard). It must be "more likely than not" that Petitioners would face persecution on account of a protected ground. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). Review is for "reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). To grant relief, the evidence must be "compelling." *Id.* at 481 n. 1, 112 S.Ct. 812.

■ Here, the administrative record does not compel the conclusion that Marino–Martinez's death was on account of political opinion. The evidence is either (1) the perpetrators were unknown, or (2) they were the losers in the mayoral election and were rivals in the same political party as Marino–Martinez. No evidence indicated the killing was, even in part, because of his opinions. Even though Marino–Martinez was a "politician," nothing indicates he was killed by the government, or a group the government could not control, on account of his political opinion. *See Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001) ("[t]he mere fact that [the persecutor] was a politician does not compel a conclusion that [petitioner] was persecuted on account of any political opinion his persecutors imputed to him"). "Purely personal retribution is ... not persecution on account of political opinion." *Grava v. INS,* 205 F.3d 1177, 1181 n. 3 (9th Cir.2000); *see also Zayas–Marini v. INS,* 785 F.2d 801, 806 (9th Cir.1986) (finding death threats grounded only in personal animosity insufficient to qualify for asylum or withholding of deportation).

■ Nor does the record compel the conclusion that Salgado fled persecution. The killing of Marino–Martinez occurred in 1988—two years *after* Salgado entered the United States, and 16 years before the BIA denied relief. Despite the killing and other threats, Salgado's family remained in Mexico in the same residence until 1991. Marino–Martinez's wife remained in the same residence in Mexico for 13 years before she died in Mexico of natural causes. The testimony that family members remained safely in Mexico long after the killing is inconsistent with fears of persecution. *See Cuadras v. INS,* 910 F.2d 567, 571 (9th Cir.1990) (reasoning that persecution fears are undercut when family members continue to reside in the country); *Hakeem,* 273 F.3d at 816 ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident ....") (citation omitted). And Salgado acknowledged several times on his application and at his hearing that he entered the United States for economic reasons (not to flee persecution).

Petitioners also argue the BIA denied them due process by considering, and then denying, relief under the CAT. They argue the IJ did not address the CAT, and the BIA therefore erred in denying CAT relief. The argument fails because (1) the IJ did indicate at a pre-hearing proceeding that the CAT would be addressed, (2) the IJ did address it in his decision, and (3) Petitioners specifically raised CAT relief in their brief on appeal to the BIA.

On the merits, CAT relief requires, among other things, that it is "more likely than not" that a petitioner would be tortured if returned to his or her country. There must be "substantial grounds for believing that [a petitioner] would be in danger of being subjected to torture." *Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001) (internal quotation marks omitted). The record here does not meet that

standard. There is little, if any, evidence that Marino–Martinez's killing was by a public official, nor that Salgado would therefore be similarly threatened 16 years later by such an official if he returned to Mexico. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1019 (9th Cir.2004) (reiterating that torture must be "by or at the instigation of or with the *consent or acquiescence* of a public official") (quoting 8 C.F.R. § 208.18(a)(1)) (emphasis in original).

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.